UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>PLAINTIFF<br><br>v.<br><br>JOAN KIDDER,<br><br>DEFENDANT<br><br>and<br><br>STATE OF MAINE,<br>PINNACLE CREDIT SERVICES,<br><br>and<br><br>MIDLAND FUNDING LLC<br><br>PARTIES-IN-INTEREST | CIVIL ACTION NO.:<br><br>**COMPLAINT FOR FORECLOSURE AND SALE**<br><br>(Title to Real Estate Involved)<br><br><br>**Mortgage Recorded in Hancock Registry of Deeds at Book 1775, Page 611**<br><br>**Street Address: 350 Taunton Drive, Sullivan ME 04664** |

NOW COMES the United States Department of Agriculture (the "Plaintiff"), by and through its Counsel and complains against Defendant as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction pursuant to 28 U.S.C. § 1345.
2. Venue is properly exercised pursuant to 28 U.S.C. § 1391(b)(2) insofar as all or a substantial portion of the events that give rise to Plaintiff's claims transpired in the State of Maine and the subject property is located in the State of Maine.

**PARTIES**

3. Plaintiff is a Government Agency with an address of P.O. Box 66827, St. Louis, MO 63166.

4. Joan Kidder is an individual with a last-known mailing address of P.O. BOX 312, Town of North Sullivan, County of Hancock, and State of Maine.

5. The State of Maine is a government entity, with an address of 210 State Street, August, Maine 04330.

6. Pinnacle Credit Services is a Minnesota limited liability company with a place of business at 355 S Main Street, STE 350 F, Greenville, SC 29601.

7. Midland Funding LLC is a Delaware limited liability company with a place of business at 350 Camino De La Reina, Ste. 100, San Diego, CA 92108.

## FACTS

8. On or about October 12, 1989, Defendant executed and delivered a promissory note (the "Note") to Plaintiff in the original principal amount of $19,200.00. A true copy of the Note is attached hereto as **Exhibit 1** and is incorporated herein.

9. On or about October 12, 1989, Defendant granted a mortgage (the "Mortgage") to Plaintiff to secure her obligations under Note. The Mortgage is recorded in the Hancock County Registry of Deeds at Book 1775, Page 611. A true copy of the Mortgage is attached hereto as **Exhibit 2** and is incorporated herein.

10. The property secured by the Mortgage is commonly known as 350 Taunton Drive, Sullivan ME 04664, and is more particularly described in the Mortgage (the "Property").

11. Party-in-Interest, State of Maine, may claim an interest in the Property by virtue of that certain Bail Lien dated as of December 17, 1993, and recorded in the Hancock County

Registry of Deeds at Book 2198, Page 120 (the "Bail Lien"). A true copy of the Bail Lien is attached as **Exhibit 3** to this Complaint and is incorporated herein.

12. Party-in-Interest, Pinnacle Credit Services, may claim an interest in the Property by virtue of that certain Writ of Execution dated as of November 7, 2000, and recorded in the Hancock County Registry of Deeds at Book 2996, Page 71 (the "Pinnacle Writ"). A true copy of the Pinnacle Writ is attached as **Exhibit 4** to this Complaint and is incorporated herein.

13. Party-in-Interest, Midland Funding LLC, may claim an interest in the Property by virtue of that certain Writ of Execution dated as of May 29, 2008, and recorded in the Hancock County Registry of Deeds at Book 5021, Page 69 (the "Midland Writ"). A true copy of the Midland Writ is attached as **Exhibit 5** to this Complaint and is incorporated herein.

<u>Foreclosure of Mortgage Pursuant to 14 M.R.S.A. §§ 6321-6326</u>

14. Default exists under the terms of the Note in that the monthly payment due under the terms of the Note on July 19, 2012, and all further payments coming due under the terms of the Note on any later date, have not been paid.

15. As a result of the default under the terms of the Note, the condition of the Mortgage has been breached.

16. Plaintiff has complied with 14 M.R.S.A. § 6111 and all notice provisions in the Note and Mortgage.  A true copy of the notice required by 14 M.R.S.A. § 6111, as sent by Plaintiff's Counsel, together with proof of mailing of the same, collectively are attached as **Exhibit 6** and are incorporated herein.

17. As of January 15, 2025, the amount due and owing on the loan evidenced by the Note and secured by the Mortgage consisted of $15063.52 in principal, $36,660.11 in accrued interest and $57,279.32 in other fees, for a total of $109,002.95.

18. Additional interest continues to accrue on the principal balance at the rate of $3.6111 per day.

19. Under the terms of the Note and the Mortgage, repayment of all costs and expenses, including reasonable attorney's fees, incurred by Plaintiff in enforcing the Note and in bringing the current action are payable to Plaintiff and are secured by the Mortgage.

20. Under the terms of 14 M.R.S.A. § 6101, if Plaintiff prevails in foreclosing upon the Mortgage in this proceeding, then it shall be entitled to have its reasonable attorney's fees incurred for the foreclosure to be included with the expense of publication, service, and recording in making up the sum to be tendered by Defendant or any person claiming under Defendant in order to be entitled to redeem the Property from the Mortgagee.

21. Plaintiff certifies that it is the owner and holder of the Note and owner of the Mortgage, and that Plaintiff is the party entitled to enforce the Note as the owner and holder of the same.

**WHEREFORE**, Plaintiff prays that this Court:

A. Determine that there has been a breach of condition of the Mortgage;

B. Determine the amount due on the obligations secured by the Mortgage, including, but not limited to, principal, interest, late charges, reasonable attorney's fees, and court costs;

C. Determine the order of priority of such other parties as may appear, together with the amounts due such parties, if any;

D. Issue a judgment of foreclosure and sale in conformity with Title 14, §6322;

E. Grant possession of the Property to Plaintiff upon expiration of the period of redemption; and

F. Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated this May 13, 2025

                /s/ *Kevin J. Crosman*
                Kevin J. Crosman, Bar No. 4279
                Attorney for Plaintiff

JENSEN BAIRD
Ten Free Street
PO Box 4510
Portland, Maine 04112-4510
(207) 775-7271
kcrosman@jensenbaird.com